Per Curiam.

This was an action of replevin, brought by the appellee, for a negro slave boy named Paul. After a variety of pleadings, issues were joined on the following pleas: first, non cepit to two counts ¡-.second, property in the defendant ¡-verdict for plaintiff, $500 damages.. During the trial of the cause, two bills of exceptions were filed to the opinion of the Court: one for permitting to be read and go in evidence to the jury, a paper purporting to be a copy of a marriage contract between the plaintiff and her husband', Louis Chevalier. The said contract was executed in the presence of Pedro Piernos, Lieut. Governor and Spanish Commandant of Upper Louisiana, and deposited among the archives of the said Territory of Upper Louisiana, and a copy given by the said Commandant to. the said Louis Chevalier, together with his certificate, that it was a copy of the original, deposited among the archives, &c.¡ and this copy, thus certified, was the one offered in evidence. The Court below admitted it in evidence, without any other proof than what appeared- upon the said- paper.. We do not consider the said contract as a matter of record, but as an ordinary contract, subject to the same rules of evidence as other contracts of like nature.. Butaa *245 such papers, according to the usages and customs of the Spanish government, were deposited among the archives of the government, and a copy merely delivered to the parties, we are disposed to admit such copies in evidence, under some restrictions. We are disposed to admit sworn copies, W'hen the original is deposited among archives. We are, also, disposed to admit of copies certified by the officers of our government, who may have the custody of such papers. We are, also, disposed to admit copies certified by the Spanish authorities, who had, at the time, the custody of the original papers, with the additional proof, that the person certifying, was acting in the office which he pretends to fill, and that the signature to the certificate is in his own hand writing. We feel at liberty to adopt these rules, as these papers are rather sui generis, and could not, consistent with the interests of parties, be governed by the rules of evidence now in force, as it respects ordinary contracts entered into since the change of government.
We are, therefore, of opinion, that the Judge erred in admitting the said paper in evidence, and that the judgment in the Circuit Court must be reversed, and the cause remanded for a new trial, and that the appellant recover his costs in this appeal. On the second exception, we think the Court below, correct.